UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH SIBLEY**                                               **CIVIL ACTION**

**VERSUS**                                                       **NO. 24-2728**

**JASON DAHM, et al.**                                           **SECTION: "G"(4)**

### ORDER AND REASONS

Before the Court is Plaintiff Kenneth Sibley's ("Plaintiff") Motion to Remand.[1] In the motion, Plaintiff argues this matter should be remanded to state court because the Notice of Removal filed by Defendant Datacom Solutions, Inc. ("Datacom") was untimely under 28 U.S.C. § 1446(b).[2] Considering the motion, the oppositions, the reply memorandum, and the sur-reply memorandum, the Court finds that the Notice of Removal was untimely. As such, the Court remands the matter to 22nd Judicial District Court for Washington Parish.

### I. Background

On April 4, 2024, Plaintiff was operating his 1994 Chevrolet Silverado westbound on Louisiana Highway 440 in Washington Parish.[3] As Plaintiff approached the intersection of Louisiana Highway 250, Defendant Jason Dahm ("Dahm") attempted a left turn, crossing directly

---

[1] Rec. Doc. 7.

[2] *Id.*

[3] Rec. Doc. 1-1 at 2.

in the path of Plaintiff's vehicle, causing a collision.[4] The investigating officer cited Dahm for improper left turn.[5]

On July 16, 2024, Plaintiff filed a petition for damages against Datacom Solutions, Inc., Charter Communications, LLC d/b/a Spectrum ("Charter"), Progressive Direct Insurance Company ("Progressive Direct"), Progressive Northwestern Insurance Company ("Progressive Northwestern"), and United Financial Casualty Company ("United Financial").[6] The petition alleges Dahm was in the course and scope of his employment with Defendants Datacom and/or Charter at the time of the accident.[7] The petition states Dahm's vehicle was insured by Progressive Northwestern and Progressive Direct.[8]

On November 21, 2024, Datacom filed a Notice of Removal in this Court.[9] On December 17, 2024, Plaintiff filed the instant motion to remand.[10] On January 14, 2025, United Financial and Datacom filed oppositions to the motion.[11] On January 22, 2025, Plaintiff filed a reply

---

[4] *Id.*

[5] *Id.*

[6] Rec. Doc. 1-1.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] Rec. Doc. 1.

[10] Rec. Doc. 7.

[11] Rec. Docs. 8 and 9.

memorandum in further support of the motion.[12] On January 22, 2025, United Financial filed a sur-reply in further opposition to the motion.[13]

## II. Parties' Arguments

### A.   *Plaintiff's Argument in Support of the Motion*

First, Plaintiff argues the Petition for Damages provided sufficient detail to make it facially apparent that the amount in controversy exceeded $75,000, thereby triggering the time delay for removal.[14] Alternatively, Plaintiff argues he served discovery responses on all named defendants on October 14, 2024, which unequivocally established that the damages exceeded the $75,000 jurisdictional amount and triggered the time delay for removal.[15] Plaintiff contends that Datacom failed to file its Notice of Removal within 30 days of either trigger event, and thus, the removal is untimely.[16]

Plaintiff contends the discovery responses forwarded to all named defendants on October 14, 2024, contained Plaintiff's answers to interrogatories, which stated that the amount in controversy exceeded $75,000.[17] Plaintiff avers the discovery responses constitute an "other paper" as defined in 28 U.S.C. § 1446(b)(3).[18] Plaintiff states Datacom did not file its Notice of

---

[12] Rec. Doc. 13.

[13] Rec. Doc. 15.

[14] Rec. Doc. 7-1.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.*

Removal until November 21, 2024, beyond the 30-day time period set out in 28 U.S.C. § 1446.[19] For these reasons, Plaintiff contends this matter should be remanded to state court.[20]

B.   **United Financial's Argument in Opposition to the Motion**

In opposition to the motion, United Financial explains that Plaintiff sent the discovery responses three days prior to United Financial filing its answer, and thus, counsel for United Financial was not included on the email from Plaintiff producing the discovery responses.[21] United Financial contends it received Plaintiff's discovery responses on October 25, 2024, when counsel for Datacom forwarded Plaintiff's discovery responses to counsel for United Financial.[22] United Financial states that it consented to Datacom's Notice of Removal, which was filed on November 21, 2024, less than 30 days after it received the "other paper" reflecting the amount in controversy.[23]

United Financial argues the amount in controversy was not facially apparent from the petition.[24] United Financial avers the petition did not include a monetary amount.[25] United Financial contends the time delay for removal did not begin until October 25, 2024, when United Financial received Plaintiff's discovery responses.[26] United Financial asserts the Notice of Removal was timely filed, and the motion to remand should be denied.[27]

---

[19] *Id.*

[20] *Id.* at 5.

[21] Rec. Doc. 8 at 2.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.* at 4.

C.  ***Datacom's Argument in Opposition to the Motion***

In opposition, Datacom argues its counsel did not receive Plaintiff's October 14, 2024 discovery responses.[28] Datacom contends it was not aware of the removability of the suit until October 24, 2024, when it received Plaintiff's discovery responses.[29] Datacom asserts the allegations in the Petition for Damages were insufficient to establish the jurisdictional amount in controversy.[30] While Plaintiff provides evidence of the October 14, 2024 email correspondence to Datacom's counsel, which included Plaintiff's discovery responses, Datacom contends it did not receive the email.[31] It is Datacom's contention the first time it became aware of Plaintiff's discovery responses was when the instant Motion to Remand was filed.[32] Datacom asserts it did not receive notice of removability until it received Plaintiff's responses to Datacom's discovery request on October 24, 2024.[33] Datacom contends the November 21, 2024 Notice of Removal was timely.[34] Datacom argues the failure to receive the email containing Plaintiff's discovery responses falls under "exceptional circumstances," which may "relieve a defendant from § 1446's strict requirements."[35]

While Plaintiff argues his discovery responses were served on all defendants on October 14, 2024, Datacom points out that United Financial was not included in the October 14, 2024

---

[28] Rec. Doc. 9 at 1.

[29] *Id.*

[30] *Id.* at 2.

[31] *Id.* at 4.

[32] *Id.*

[33] *Id.* at 4.

[34] *Id.*

[35] *Id.* at 5.

email.[36] Datacom states it received Plaintiff's discovery responses on October 24, 2025, and on October 25, 2025, Datacom's counsel forwarded the discovery responses to counsel for United Financial.[37] Datacom asserts all defendants were not aware that Plaintiff's damages exceeded $75,000 until October 25, 2024.[38] Datacom contends that United Financial consented to the timely removal filed on November 21, 2024.[39] Datacom avers the motion to remand should be denied.[40]

### D.   *Plaintiff's Reply in Further Support of the Motion*

In further support of the motion, Plaintiff contends that the failure of all defendants to file separate, written consent within the 30-day time frame fails to comply with the requirements of 28 U.S.C. § 1446, and thus, remand is required.[41] Plaintiff contends this Court has followed Fifth Circuit binding principle on multiple occasions and have remanded similar matters wherein all defendants failed to file individual consents.[42] Plaintiff asserts none of Datacom's co-defendants filed a separate consent to the removal, and thus, the matter should be remanded.[43]

### E.   *United Financial's Sur-Reply in Opposition to the Motion*

In further opposition to the motion, United Financial contends Plaintiff's argument regarding a procedural defect in the Notice of Removal is untimely.[44] United Financial points out

---

[36] *Id.* t 6.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 7.

[40] *Id.*

[41] Rec. Doc. 13 at 1.

[42] *Id.* at 2.

[43] *Id.* at 3.

[44] Rec. Doc. 15.

that the time delay to remand a case based on a defect other than lack of subject matter jurisdiction is 30 days from the filing of the Notice of Removal.[45] The Notice of Removal was filed on November 21, 2024, and Plaintiff asserts a procedural defect to the Notice of Removal 60 days later.[46]

### III. Law and Analysis

All parties agree that the requirements for diversity jurisdiction exist in this case: the "matter in controversy exceeds the sum or value of $75,000," and the parties are "citizens of different states."[47] What the parties do not agree on is whether the matter was timely removed to federal court pursuant to 28 U.S.C. § 1446(b). The removal time limits are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> ...
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[48]

In essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case. The first paragraph provides that if the case stated by the initial pleading is removable, then a notice of removal must be filed within thirty days from

---

[45] *Id.* at 1–2.

[46] *Id.* at 2.

[47] 28 U.S.C. § 1332.

[48] 28 U.S.C. § 1446(b)(1), (3).

the receipt of the initial pleading by the defendant; and the second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.

### A.     *Initial Pleading*

Plaintiff argues that this matter was removable based on the initial pleading. A review of the initial pleadings shows that it was not facially apparent from the state court petition that this matter was removable. "The thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[49] Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim.[50] The petition here alleges damages for medical expenses, loss wages, loss of earning capacity, and property damages. Plaintiff does not specify the physical injuries he suffered as a result of the accident. The petition merely states Plaintiff suffered "severe and debilitating injuries to his entire body."[51] In such cases where a plaintiff's physical injuries are pled with little specificity courts have found the jurisdictional amount was not facially apparent.[52] On the basis of Plaintiff's allegations, the Court concludes it was not facially apparent that the amount of damages would exceed $75,000.

---

[49] *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992).

[50] La. Code Civ. Proc. Ann. art. 893.

[51] Rec. Doc. 3-3.

[52] *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 851 (5th Cir. 1999).

B.   *Other Paper*

Plaintiff's second contention is that even if the matter was not removable based on the initial pleading, Datacom's removal was still untimely pursuant to § 1446(b). Plaintiff argues its discovery responses included admissions that the amount in controversy exceeded $75,000, and Plaintiff sent said discovery responses by email to all named defendants on October 14, 2024.[53] Plaintiff contends his discovery responses constitute "other paper," which triggered the thirty-day time delay for removal, and Datacom failed to file its Notice of Removal within thirty days of receipt.

The "other paper" under § 1446(b)(3) may be answers to interrogatories.[54] Furthermore, "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."[55] The Court finds Plaintiff's discovery responses constitutes an "other paper" under § 1446(b)(3).

Plaintiff provides evidence demonstrating that the discovery responses were sent to the counsel of all served defendants,[56] including Datacom's attorney, on October 14, 2024. Datacom argues, despite its counsel's email address being included on Plaintiff's October 14, 2024 email, its counsel did not receive the email. Datacom contends its failure to receive the email constitutes an "extraordinary circumstance," which may relieve a defendant from § 1446's strict requirements. The Court is unpersuaded by Datacom's argument. Datacom's mere assertion of non-receipt,

---

[53] Excluding United Financial. United Financial had not yet made an appearance in the matter on October 14, 2024.

[54] *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992).

[55] *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002).

[56] Excluding United Financial. United Financial had not yet made an appearance in the matter on October 14, 2024.

without more, is insufficient. While Datacom contends it did not receive notice of the removability of this matter until it received on an email sent by Plaintiff's attorney on October 24, 2024, Datacom fails to provide proof of this October 24, 2024 email. Although "exceptional circumstances" may relieve a defendant from § 1446's strict requirements,[57] "[t]he few district courts that have found exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings."[58] The Court finds no such circumstances present here. Datacom, as the removing defendant, bears the burden of proving removal was proper.[59] Datacom has not met its burden of showing that the November 21, 2024 Notice of Removal was timely.

In opposition to the motion, United Financial contends its counsel was not included on the October 14, 2024 email containing Plaintiff's discovery responses. A review of the October 14, 2024 email confirms that counsel of record for United Financial was not included on the email. United Financial explains that it requested an extension of time to file its answer, and thus, United Financial had not yet made an appearance in the matter on October 14, 2024. United Financial contends it first received notice of the removability of the matter on October 25, 2024, when Datacom's counsel forwarded Plaintiff's discovery responses to United Financial's counsel. United Financial asserts its consent to the November 21, 2024 Notice of Removal was timely pursuant to 28 U.S.C. § 1446(2)(C). The removal statute provides, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[60] The record reflects that Datacom and United Financial were both served

---

[57] *See Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986).

[58] *Baych v. Douglass,* 227 F. Supp. 2d 620, 622 (E.D. Tex. 2002) (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1256 (5th Cir. 1988)).

[59] *Morgan v. Huntington Ingalls, Inc.,* 879 F.3d 602, 611 (5th Cir. 2018).

[60] 28 U.S.C. § 1446(2)(C).

on July 31, 2024.[61] Although United Financial requested an extension of time to answer the state court petition, both United Financial and Datacom were served on the same date. As such, 28 U.S.C. § 1446(2)(C) is inapplicable here. Further, the 30-day deadline for removal begins to run when a defendant actually receives the "other paper" through a *plaintiff's* voluntary action.[62] Plaintiff has demonstrated that the removing defendant, Datacom, received the "other paper" on October 14, 2025, more than 30 days before it removed the matter.

## V. Conclusion

For the reasons stated herein, the Court finds the Notice of Removal was untimely. As such, the Court must remand this matter to state court.

Accordingly,

**IT IS HEREBY ORDERED** that the motion[63] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the 22nd Judicial District Court for the Parish of Washington.

**NEW ORLEANS, LOUISIANA**, this 30th day of May, 2025.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[61] Rec. Doc. 3-3.

[62] *See Muse v. Lowe's Home Centers, Inc.*, No. 2:11-CV-01481, 2011 WL 5025326, at *3 (E.D. La. Oct. 21, 2011) (citations omitted) ("[R]emoval based upon the 'other paper' standard requires a voluntary act of the plaintiff that provides information which is 'unequivocally clear and certain' to start the time limit for filing a notice of removal under 28 U.S.C. § 1446(b)."); *see also Hollis v. RAV Transp., Inc.,* No. CV 24-478-JWD-RLB, 2024 WL 5397159, at *3 (M.D. La. Nov. 14, 2024) ("the 30-day deadline for a defendant does not begin to run when a defendant has subjective knowledge, or even when a defendant knows another defendant has received an 'other paper.'")

[63] Rec. Doc. 7.